**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KAREN RADER,

       Plaintiff,

      v.                                    Civ. No. 24-1227 SCY

FRANK BISIGNANO,
Commissioner of Social Security,

      Defendant.

## ORDER GRANTING MOTION FOR ATTORNEY FEES

This matter comes before the Court on Plaintiff's Motion For Authorization Of Attorney Fees Pursuant To 42 U.S.C. § 406(b). Doc. 22. Plaintiff's counsel requests attorney's fees in the amount of $24,819.50, reduced by $8,000.00 (amounting to a full refund of the previously awarded EAJA fees), for a net total fee of $16,819.50. Doc. 22. Indeed, the Court previously awarded Plaintiff $8,000 in attorney's fees under the Equal Access to Justice Act ("EAJA"). Doc. 21. If awarded § 406(b) fees, Plaintiff's counsel must refund the small award (between EAJA fees and § 406(b)(6) fees) to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

The Commissioner is not a party to § 406(b) fee awards. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants"); Doc. 23 at 1 ("Defendant neither supports nor opposes counsel's request for attorney's fees in the amount of $24,819.50, under 42 U.S.C. § 406(b)."). However, the Commissioner requests that, "if the Court agrees to counsel's request to award a net fee rather than require counsel to refund the EAJA fee received previously, the reasonableness

determination of the section 406(b) fee request must be based on the full 406(b) fees sought rather than the net fee awarded after the offset." Doc. 23 at 2. The Court agrees, and will address whether the full amount of fees requested, $24,819.50, is reasonable.

## LEGAL STANDARD

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the Agency and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b).

For representation in court proceedings, a court may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2 (10th Cir. 2006). If the available agency withholding is less than the amount awarded to counsel under § 406(b), counsel must look to the claimant rather than the agency to recover the difference. *See Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008).

Although § 406(b) permits contingency fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number. *Id.* at 807 n.17. In acting as an "an independent check" to ensure that fees

are reasonable, there is no presumption that 25% of the past-due benefits is reasonable. *Id.* at 807 n.17.

Counsel bears the burden of demonstrating the reasonableness of the fees. *Id*. at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. Factors relevant to the reasonableness of the fee request include: (1) the character of the representation and the results the representative achieved; (2) whether the attorney was responsible for any delay; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

## <u>REASONABLENESS DETERMINATION</u>

The full fee request is reasonable. It falls within the statutorily mandated cap of 25% of past due benefits. The request is timely and there is no evidence that counsel delayed in the proceedings before this Court. Counsel's representation was more than adequate, requiring a high degree of skill in this specialized area of law, and yielded a fully favorable decision from the agency.

The full fee request is not disproportionately large in comparison to the amount of time spent on the case. Counsel represents that he and his staff spent 56 hours on the case in federal court. Doc. 22-2 at 10. This equates to an hourly rate of $443.21 if the request for fees is granted

3

in full, which is reasonable. This analysis does not reflect a lodestar computation, but takes into account the Supreme Court's instructions to consider whether the request is disproportionately large in comparison to the amount of time spent on the case. *Gisbrecht*, 535 U.S. at 808. The Court is appreciative of the high risk involved in Social Security litigation for plaintiffs' counsel in general, recognizes that the field is highly specialized, and finds that the number of hours spent on this case reflects the efficiency, skill, and experience of Plaintiff's attorneys. The Court also notes that this award is in line with others authorized in this District under § 406(b). *Fewell v. O'Malley*, No. 21cv398 KG-SCY, 2024 WL 3446525, at *2 (D.N.M. June 27, 2024) (collecting cases), *report and recommendation adopted*, 2024 WL 3444334 (D.N.M. July 16, 2024).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 22) is GRANTED. Bryan Konoski, Esquire is awarded attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the gross amount of $24,819.50. Counsel may retain the $8,000.00 in fees previously awarded under the Equal Access Justice Act, 28 U.S.C. § 2412, in partial satisfaction of the § 406(b) award. This leaves a net amount of $16,819.50 due to counsel, in accordance with agency policy.

_____
**Steven C. Yarbrough**
**United States Magistrate Judge**

4